Thomas J. Kavaler (admitted pro hac vice)
Janet A. Beer (admitted pro hac vice)
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005

Douglas S. Eakeley
Scott L. Walker
Natalie J. Kraner
LOWENSTEIN SANDLER, P.C.
65 Livingston Avenue
Roseland, New Jersey 07068

*Attorneys for Defendants Prudential Financial, Inc.,*
*Prudential Investment Management, Inc., and*
*Prudential Investment Management Services LLC*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

----------------------------------------------------- x

| | : | |
|---|---|---|
| ROBERT WAAS AND ROBERT GERMANO, | : | |
| Plaintiffs, | : | Civil Action No.: |
| | : | 2:07-cv-01714-DMC-MF |
| v. | : | |
| | : | **<u>DOCUMENT</u>** |
| PRUDENTIAL FINANCIAL, INC., PRUDENTIAL | : | **<u>ELECTRONICALLY FILED</u>** |
| INVESTMENT MANAGEMENT, INC., AND | : | |
| PRUDENTIAL INVESTMENT SERVICES, INC., | : | **ANSWER** |
| Defendants. | : | |
| | : | |
| | : | |

----------------------------------------------------- x

Defendants Prudential Financial, Inc. ("Prudential Financial"),

Prudential Investment Management, Inc. ("PIM"), and Prudential Investment

Management Services LLC ("PIM Services")[1] (collectively, "Defendants" or "Prudential"), by their undersigned attorneys, answer the Complaint of Plaintiffs Robert Waas ("Waas") and Robert Germano ("Germano," or, collectively with Waas, "Plaintiffs") (the "Complaint") as follows:

## THE NATURE OF THE ACTION

1.      Prudential admits that Waas and Germano purport to bring this action on their own behalf seeking the relief alleged in paragraph 1 of the Complaint, admits that Waas and Germano are former portfolio managers, and otherwise denies the allegations set forth in paragraph 1.

## THE PARTIES

2.      Prudential admits that Waas was employed by PIM in Newark, New Jersey from February 2000 until November 16, 2004 and that during some portion of that time he had the title Managing Director and served as a portfolio manager for certain municipal bond mutual funds. Prudential denies knowledge or information sufficient to form a belief as to Waas's residence, and otherwise denies the allegations set forth in paragraph 2.

3.      Prudential admits that Germano was employed by PIM in Newark, New Jersey from March 25, 2002 until June 6, 2005 and that during some portion of that time he had the title Vice President and served as a portfolio manager for certain municipal bond mutual funds. Prudential denies knowledge or information sufficient to form a belief as to Germano's residence, and otherwise denies the allegations set forth in paragraph 3.

---

[1]      Prudential Investment Management Services LLC is incorrectly named "Prudential Investment Services, Inc." in the caption of the Complaint.

4.     Prudential admits that Prudential Financial is a publicly traded company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.   Prudential admits that Prudential Financial is a financial services company that offers a multitude of products and services to individual and institutional customers throughout the U.S. and in other countries, admits that PIM is a wholly owned indirect subsidiary of Prudential Financial, admits that PIM provides institutional asset management and investment advisory services to clients in New Jersey and throughout the United States, and otherwise denies the allegations set forth in paragraph 4.

5.     Prudential admits that PIM is a corporation organized and existing under the laws of New Jersey with its principal place of business in Newark, New Jersey, admits that PIM is a wholly owned indirect subsidiary of Prudential Financial, admits that PIM has provided investment advisory services to the Dryden Mutual Funds, admits that the Dryden Mutual Funds are considered part of the JennisonDryden mutual fund family, and otherwise denies the allegations set forth in paragraph 5.

6.     Prudential admits that PIM Services is a limited liability company organized and existing under the laws of New Jersey with its principal place of business in Newark, New Jersey, admits that PIM Services is a wholly-owned indirect subsidiary of Prudential Financial, admits that PIM Services is a broker-dealer registered with the National Association of Securities Dealers ("NASD"), admits that Waas and Germano maintained securities licenses with the NASD through PIM Services, and otherwise denies the allegations set forth in paragraph 6.

## JURISDICTION

7.      Prudential avers that paragraph 7 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 7.

8.      Prudential admits that each plaintiff filed a complaint with the Department of Labor, Occupational Safety and Health Administration ("OSHA"), avers that OSHA dismissed Waas's complaint prior to issuing a decision on the merits after Waas gave notice of his intent to file an action in federal court, avers that Germano's complaint was dismissed on the merits following an investigation and the entry of written findings by OSHA, avers that paragraph 8 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 8.

## VENUE

9.      Prudential avers that paragraph 9 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 9.

## FACTS

10.     Prudential admits that Waas's employment with PIM began in February 2000, admits that during some portion of his employment by PIM Waas functioned as a senior portfolio manager within PIM's Fixed Income Group with responsibility for day-to-day management for several of the Dryden Municipal Series Funds, under the supervision of PIM's senior management, and otherwise denies the allegations set forth in paragraph 10.

11.     Prudential admits that municipal bond mutual funds managed by PIM included the Dryden National Municipals Fund (PRNMX), Dryden Municipal Bond Fund—Insured Series (PMIAX), Dryden Municipal Bond Fund—High Income Series (PRHAX), Dryden California Municipal Fund—California Series (PRMCX), Dryden California Municipal Fund—California Income Series (PBCAX), Dryden Municipal Series Fund—New Jersey Series (PRNJX), Dryden Municipal Series Fund—New York Series (PMNYX), Dryden Municipal Series Fund—Pennsylvania Series (PMPAX), and Dryden Municipal Series Fund—Florida Series (PFLAX) (collectively, the "Funds"), and otherwise denies the allegations set forth in paragraph 11.

12.     Prudential admits that between February 2000 and July 2002 Waas was promoted from Vice President to Principal and then to Managing Director, admits that Waas began serving as Head of PIM's Municipal Bond Desk in 2001, and otherwise denies the allegations set forth in paragraph 12.

13.     Prudential admits that Waas supervised Robert Germano and, from time to time, one additional portfolio manager assigned to work on the Municipal Bond Desk, admits that Waas continued the day-to-day management of certain of the Funds while he served as Head of PIM's Municipal Bond Desk, admits that Waas was responsible for, among other things, providing periodic updates, as requested by PIM senior management, on the status of the Funds under his management, and otherwise denies the allegations set forth in paragraph 13.

14.     Prudential denies the allegations set forth in paragraph 14.

15.     Prudential admits that Germano joined PIM on or about March 25, 2002, admits that Germano worked on PIM's Municipal Bond Desk and reported to Waas, and otherwise denies the allegations set forth in paragraph 15.

16.     Prudential admits that during some portion of the time period relevant to this litigation Waas and Germano were responsible for day-to-day management of all of the Funds, under the direction of PIM's senior management, and otherwise denies the allegations set forth in paragraph 16.

17.     Prudential admits that Waas and Germano each received periodic written performance reviews during the years 2002 and 2003, refers to those written performance evaluations for their full text and actual contents, and otherwise denies the allegations set forth in paragraph 17.

18.     Prudential admits that each of the Funds issued a Prospectus in 2004, admits that each Prospectus describes the investment objective of the particular Fund and the investment policies employed to reach the objective, refers to the Prospectuses for their full text and actual contents, and otherwise denies the allegations set forth in paragraph 18.

19.     Prudential denies that Waas and Germano were directed to adopt a new "mandate," denies making or directing any change with regard to the management of investments in the Funds that was contrary to the investment objectives of the Funds, and otherwise denies the allegations set forth in paragraph 19.

20.     Prudential denies the allegations set forth in paragraph 20.

21.     Prudential avers that during the period from March 24, 2004 through April 2, 2004 Waas and Germano made adjustments to the portfolios of the Funds that extended their average durations, and otherwise denies the allegations set forth in paragraph 21.

22.     Prudential denies the allegations set forth in paragraph 22.

23.     Prudential denies the allegations set forth in paragraph 23.

24.     Prudential denies the allegations set forth in paragraph 24.

25.     Prudential denies the allegations set forth in paragraph 25.

26.     Prudential denies the allegations set forth in paragraph 26.

27.     Prudential denies the allegations set forth in paragraph 27.

28.     Prudential denies the allegations set forth in paragraph 28.

29.     Prudential denies the allegations set forth in paragraph 29.

30.     Prudential admits that during the time period referenced in paragraph 30 Maureen Baker Fialcowitz was an attorney in PIM's Public Equity and Fixed Income Law Department, admits that Fialcowitz sent an email to Waas and Germano on or about June 3, 2004, and otherwise denies the allegations set forth in paragraph 30.

31.     Prudential denies the allegations set forth in paragraph 31.

32.     Prudential admits that annual reports for certain of the Funds were issued shortly after June 22, 2004, avers that the reports fully complied with all applicable legal requirements, and otherwise denies the allegations set forth in paragraph 32.

33.     Prudential admits that the law firm of Cahill Gordon & Reindel LLP ("Cahill") has served as outside counsel to Prudential in connection with the events that gave rise to the complaint in this action, admits that Thomas J. Kavaler of Cahill sent a letter to Jeffrey L. Liddle, an employment lawyer representing Waas and Germano, on or about July 13, 2004 and refers to the letter for its full text and actual contents, avers that the report submitted to it by its outside counsel Wilmer Cutler Pickering Hale and Dorr ("Wilmer Cutler") was privileged and that the dissemination of the report thus was appropriately restricted, denies that the

Wilmer Cutler report was a "secret report," and otherwise denies the allegations set forth in paragraph 33.

34.    Prudential denies that Waas and Germano were threatened in the July 13, 2004 letter to their counsel, refers to the letter for its full text and actual contents, and otherwise denies the allegations set forth in paragraph 34.

35.    Prudential admits that counsel to Waas and Germano sent a letter to Prudential's outside counsel on July 23, 2004, refers to the letter for its full text and actual contents, avers that dissemination of the privileged Wilmer Cutler report was appropriately restricted, and otherwise denies the allegations set forth in paragraph 35.

36.    Prudential avers that Waas and Germano's employment counsel ignored or rejected repeated offers to discuss the privileged Wilmer Cutler report, avers that Prudential exercised appropriate care in restricting the dissemination of the privileged Wilmer Cutler report, and otherwise denies the allegations set forth in paragraph 36.

37.    Prudential denies the allegations set forth in paragraph 37.

38.    Prudential admits that outside counsel for Prudential and Waas's and Germano's employment lawyer exchanged correspondence during July and August 2004, refers to the correspondence for its full text and actual contents, denies that PIM ever attempted to force Waas or Germano to resign their employment, and otherwise denies the allegations set forth in paragraph 38.

39.    Prudential denies that Waas's 2004 mid-year performance review, dated August 3, 2004 and signed August 31, 2004, was a "negative performance review," avers that the review noted the poor to mediocre results of the Funds under Waas's management during the period covered by the review and

identified certain performance areas requiring further development, refers to the performance review for its full text and actual contents, and otherwise denies the allegations set forth in paragraph 39.

40.    Prudential admits that Waas sent an email on or about October 22, 2004 to PIM's Manager of Shareholder Reporting refusing to sign off on an Investment Adviser's Report for one of the Funds under Waas's management, refers to the text of the email for its full text and actual contents, avers that certification of the Investment Adviser's Report is an essential part of the portfolio manager's duties and essential to the operation of Prudential's business, and otherwise denies the allegations set forth in paragraph 40.

41.    Prudential denies the allegations set forth in paragraph 41.

42.    Prudential admits that Waas and Germano reviewed the privileged Wilmer Cutler report on November 8, 2004, avers that Prudential's outside counsel had previously reviewed with Waas's and Germano's employment lawyer in detail the analysis underlying Wilmer Cutler's conclusions and had answered all the questions posed by Waas's and Germano's counsel, and otherwise denies the allegations set forth in paragraph 42.

43.    Prudential admits that Waas and Germano reviewed the privileged Wilmer Cutler report, admits that they did not retain copies, take notes on the report, or examine the report a second time, avers that the Wilmer Cutler report is 7½ pages long, avers that Waas did not avail himself of Prudential's offer to have an attorney from Wilmer Cutler travel to Newark to meet with Waas and respond to any questions he might have, and otherwise denies the allegations set forth in paragraph 43.

44.    Prudential denies the allegations set forth in paragraph 44.

45.     Prudential admits that Waas and Germano and their counsel have purported to disagree with the conclusions set forth in the Wilmer Cutler report, including the analysis of the acknowledged experts on municipal bonds, portfolio management and mutual funds and securities markets who were engaged by Wilmer Cutler to assist in their analysis, and otherwise denies the allegations set forth in paragraph 45.

46.     Prudential admits that Waas met with James Sullivan on November 16, 2004, admits that Sullivan inquired if Waas, having now reviewed the Wilmer Cutler report, was prepared to carry out the responsibilities of his position and certify the periodic Investment Adviser's Reports.  Prudential avers that Waas responded that he needed until the close of business to respond because he had to speak with his lawyer and that Sullivan therefore requested Waas's response by 4:00 p.m., and otherwise denies the allegations set forth in paragraph 46.

47.     Prudential admits that at or about 4:00 p.m. Waas told Sullivan that he would refuse to provide the required certification, and otherwise denies the allegations set forth in paragraph 47.

48.     Prudential admits that Waas was discharged on November 16, 2004, and otherwise denies the allegations set forth in paragraph 48.

49.     Prudential admits that on or about December 13, 2004 PIM Services, as it is required to do, filed a Form U5 Uniform Termination Notice for Securities Industry Registration reporting the termination of Waas's employment, refers to the Form U5 for its full text and actual contents, and otherwise denies the allegations set forth in paragraph 49.

50.     Prudential denies the allegations set forth in paragraph 50.

51.     Prudential avers that Germano continued to be employed by PIM following Waas's departure, and otherwise denies the allegations set forth in paragraph 51.

52.     Prudential denies the allegations set forth in paragraph 52.

53.     Prudential denies the allegations set forth in paragraph 53.

54.     Prudential denies the allegations set forth in paragraph 54.

55.     Prudential denies the allegations set forth in paragraph 55.

56.     Prudential admits that Germano caused to be delivered to PIM's outside counsel a letter dated June 6, 2005 stating that Germano was terminating his employment with PIM, and otherwise denies the allegations set forth in paragraph 56.

## FIRST COUNT
### (Discrimination By PIM and PF Against Waas Under Sarbanes-Oxley)

57.     Prudential repeats and realleges its responses to paragraphs 1 through 56 as if fully set forth herein in response to paragraph 57.

58.     Prudential admits that PF is a publicly traded company, avers that paragraph 58 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 58.

59.     Prudential admits that PIM is a wholly owned indirect subsidiary of Prudential Financial, avers that paragraph 59 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 59.

60.     Prudential admits that Waas was at one time employed by PIM, avers that paragraph 60 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 60.

61.     Prudential avers that paragraph 61 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 61 and each and every subpart thereof.

62.     Prudential denies the allegations set forth in paragraph 62.

63.     Prudential denies the allegations set forth in paragraph 63.

64.     Prudential denies the allegations set forth in paragraph 64.

65.     Prudential denies the allegations set forth in paragraph 65.

## SECOND COUNT
### (Discrimination By PIM and PF Against Germano Under Sarbanes-Oxley)

66.     Prudential repeats and realleges its responses to paragraphs 1 through 65 as if fully set forth herein in response to paragraph 66.

67.     Prudential admits that PF is a publicly traded company, avers that paragraph 67 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 67.

68.     Prudential admits that PIM is a wholly owned indirect subsidiary of Prudential Financial, avers that paragraph 68 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 68.

69.     Prudential admits that Germano was at one time employed by PIM, avers that paragraph 69 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 69.

70.     Prudential avers that paragraph 70 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise Prudential denies the allegations set forth in paragraph 70 and each and every subpart thereof.

71.     Prudential denies the allegations set forth in paragraph 71.

72.     Prudential denies the allegations set forth in paragraph 72.

73.     Prudential denies the allegations set forth in paragraph 73.

74.     Prudential denies the allegations set forth in paragraph 74.

**THIRD COUNT**
**(Retaliation By PIM Against**
**Waas Under CEPA)**

75.     Prudential repeats and realleges its responses to paragraphs 1 through 74 as if fully set forth herein in response to paragraph 75.

76.     Prudential admits that Waas was at one time employed by PIM, avers that paragraph 76 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 76.

77.     Prudential avers that paragraph 77 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 77.

78.     Prudential avers that paragraph 78 of the Complaint asserts legal conclusions as to which no responsive pleading is required, Prudential denies the allegations set forth in paragraph 78.

79.     Prudential denies the allegations set forth in paragraph 79.

80.     Prudential denies the allegations set forth in paragraph 80.

81.     Prudential denies the allegations set forth in paragraph 81.

82.     Prudential denies the allegations set forth in paragraph 82.

**FOURTH COUNT**
**(Retaliation By PIM Against**
**Germano Under CEPA)**

83.     Prudential repeats and realleges its responses to paragraphs 1 through 82 as if fully set forth herein in response to paragraph 83.

84.     Prudential admits that Germano was at one time employed by PIM, avers that paragraph 84 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 84.

85.     Prudential avers that paragraph 85 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 85.

86.     Prudential avers that paragraph 86 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 86.

87.     Prudential denies the allegations set forth in paragraph 87.

88.     Prudential denies the allegations set forth in paragraph 88.

89.    Prudential denies the allegations set forth in paragraph 89.

90.    Prudential denies the allegations set forth in paragraph 90.

## FIFTH COUNT
### (Waas's Defamation Claim
### Against PIM Services)

91.    Prudential repeats and realleges its responses to paragraphs 1 through 90 as if fully set forth herein in response to paragraph 91.

92.    Prudential admits that on or about December 13, 2004 PIM Services, as it is required to do, filed a Form U5 Uniform Termination Notice for Securities Industry Registration reporting the termination of Waas's employment, and otherwise denies the allegations set forth in paragraph 92.

93.    Prudential refers to the Form U5 for its full text and actual contents, and otherwise denies the allegations set forth in paragraph 93.

94.    Prudential denies the allegations set forth in paragraph 94.

95.    Prudential denies the allegations set forth in paragraph 95.

96.    Prudential avers that paragraph 96 of the Complaint asserts legal conclusions as to which no responsive pleading is required, and otherwise denies the allegations set forth in paragraph 96.

97.    Prudential denies the allegations set forth in paragraph 97.

98.    Prudential denies the allegations set forth in paragraph 98.

## DEFENSES

Prudential states the following defenses without thereby assuming the burden of proof on such defenses that would otherwise rest on Waas and/or Germano.

1.     The Complaint fails to state any claim against any defendant upon which relief can be granted.

2.     The relief sought by Plaintiffs is barred, in whole or in part, because neither Plaintiff has suffered injury cognizable under either the Sarbanes-Oxley Act of 2002, 28 U.S.C. § 1514A, *et seq.*, or the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq.*

3.     The relief sought by Plaintiffs is barred, in whole or in part, because any damages Plaintiffs may have sustained were sustained solely as a result of the conduct of the Plaintiffs.

4.     The relief sought by Plaintiffs is barred, in whole or in part, by the statute of limitations.

5.     The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver and estoppel.

6.     The relief sought by Waas is barred, in whole or in part, because the statements on Waas's Form U5 are privileged.

7.     The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain.

8.     Defendants hereby reserve the right to amend this Answer to plead and assert additional affirmative defenses as they become known and appropriate during the course of the litigation.

WHEREFORE, Defendants respectfully request judgment in their favor on each count that purports to be asserted against all or any of them and request that the Court enter an Order:

1)   dismissing Waas's claims in their entirety and with prejudice;

2)   dismissing Germano's claims in their entirety and with prejudice; and

3)   awarding Defendants such further and additional relief as the Court deems just and fair.


Dated:   June 18, 2007



By:   /s/  Douglas S. Eakeley
        Douglas S. Eakeley
        LOWENSTEIN SANDLER, P.C.
        65 Livingston Avenue
        Roseland, New Jersey  07068
        Telephone  (973) 597-2500
        Facsimile  (973) 597-2400

        CAHILL GORDON & REINDEL LLP
        Thomas J. Kavaler  (admitted pro hac vice)
        Janet A. Beer  (admitted pro hac vice)
        80 Pine Street
        New York, New York  10005
        Telephone  (212) 701-3000
        Facsimile  (212) 269-5420

        *Attorneys for Defendants Prudential
        Financial, Inc., Prudential Investment
        Management, Inc., and Prudential
        Investment Management Services LLC*